GERALDINE H. WARFIELD et al., Appellants, v SHAN ASSOCIATES OF SYOSSET, LLC, et al., Respondents, et al., Defendant. [891 NYS2d 666]

Viewing the evidence in the light most favorable to the plaintiffs (*see Wilson v Rojas,* 63 AD3d 1048 [2009]), the defendants Shan Associates of Syosset, LLC (hereinafter Shan), and Rosemary Glover failed to demonstrate a prima facie entitlement to judgment as a matter of law on the issue of whether or not they had constructive or actual notice of the alleged slippery condition (*see Taylor v Rochdale Vil., Inc.,* 60 AD3d 930 [2009]). Additionally, there are issues of fact as to whether the lighting in the parking lot where the accident occurred was inadequate and, if so, whether it was a proximate cause of the accident (*see Gestetner v Teitelbaum,* 52 AD3d 778 [2008]). Thus, upon reargument, the motion for summary judgment dismissing the complaint insofar as asserted against Shan and Glover should have been denied by the Supreme Court. Prudenti, P.J., Angiolillo, Lott and Sgroi, JJ., concur.