■ JOHN A. HEALY et al., Respondents, v MAFALDA BARTOLOMEI et al., Appellants. [929 NYS2d 866]—

The Supreme Court properly denied the motion of the defendant Mafalda Bartolomei for summary judgment dismissing the

complaint and all cross claims insofar as asserted against her, and the cross motion of the defendants Timothy Rozelle and Heidi Rozelle (hereinafter together the Rozelles) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. An out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord "has a duty imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, — AD3d —, —, 2011 NY Slip Op 06465, *5 [2011]). Here, Bartolomei failed to establish, prima facie, that she was an out-of-possession landlord with no such duty, such that liability could not be imposed upon her. Moreover, Bartolomei and the Rozelles, the tenants living at the subject property, failed to establish, prima facie, on their motion and cross motion, respectively, that they neither created nor had actual or constructive notice of the icy condition which allegedly caused the accident (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Additionally, Bartolomei and the Rozelles failed to eliminate all triable issues of fact as to whether the lighting in the walkway where the accident occurred was adequate and, if not, whether the lighting was a proximate cause of the accident (*see Warfield v Shan Assoc. of Syosset, LLC*, 69 AD3d 708 [2010]; *Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]). Since Bartolomei and the Rozelles failed to meet their respective burdens, we need not address the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.