In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered October 23, 2012, as denied their motion for summary judgment dismissing the complaint.
Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants/ third-party plaintiffs’ motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff.
On January 3, 2008, the plaintiff allegedly fell from a ladder while performing work for his employer, the third-party defend *925 ant, N.J. Pappas Construction Co. (hereinafter N.J. Pappas), at premises owned by the defendants/third-party plaintiffs (hereinafter collectively the defendants) and leased to N.J. Pappas. The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action premised on common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court denied the motion and the cross motion, and the defendants appeal from the denial of their motion.
“Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work” (Hartshorne v Pengat Tech. Inspections, Inc., 112 AD3d 888, 889 [2013]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). To the extent that the plaintiffs claims are based on the manner in which the work was performed, the defendants established, prima facie, that they had no authority to supervise or control the means and method of the work (see Tomecek v Westchester Additions & Renovations, Inc., 97 AD3d 737, 739 [2012]; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 51 [2011]; Ortega v Puccia, 57 AD3d 54, 61 [2008]). However, to the extent that the plaintiffs claims were based on a dangerous condition on the premises, specifically the structural design, construction, and condition of a portion of the floor, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. “An out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord has a duty imposed by statute or assumed by contract or a course of conduct” (Madry v Heritage Holding Corp., 96 AD3d 1022, 1023 [2012] [internal quotation marks omitted]; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]; see also Castillo v Wil-Cor Realty Co., Inc., 109 AD3d 863, 864 [2013]; Lugo v Austin-Forest Assoc., 99 AD3d 865, 866 [2012]). Here, the lease submitted by the defendants in support of their motion provided, among other things, that the defendants were required to “repair the damaged structural parts of the Premises,” that they were “not required to repair or replace any equipment, fixtures, furnishings or decorations unless originally installed by Landlord,” and that they retained the “right to enter into and upon said premises, or any part thereof . . . for the purpose of . . . making such repairs or alterations therein as may be necessary for the safety and preservation thereof.” Based on these provisions, under the circumstances of this case, the defendants failed to establish as a matter of law *926 that they did not have a duty imposed by contract to remedy the specific dangerous or defective condition alleged here. Thus, to prevail on their motion, the defendants were required to establish that they neither created the alleged dangerous or defective condition nor had actual or constructive notice thereof (see Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 959 [2013]; Palacios v 29th St. Apts, LLC, 110 AD3d 698, 699 [2013]; Carey v Five Bros., Inc., 106 AD3d 938, 941 [2013]; Chowdhury v Rodriguez, 57 AD3d 121, 131-132 [2008]; Ortega v Puccia, 57 AD3d at 61; see also Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1207 [2010]). Here, the defendants failed to establish, prima facie, that they did not create the dangerous or defective condition alleged by the plaintiff to have contributed to his fall. Accordingly, the Supreme Court properly denied those branches of the defendants’ motion which were for summary judgment dismissing the plaintiff’s Labor Law § 200 and common-law negligence causes of action.
However, the Supreme Court should have granted those branches of the defendants’ motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action. “While the reach of [Labor Law] section 240 (1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during ‘the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure’ ” (Martinez v City of New York, 93 NY2d 322, 326 [1999] [citation omitted], quoting Labor Law § 240 [1]). Here, the defendants submitted evidence sufficient to establish, prima facie, that the plaintiff was not engaged in an enumerated activity protected under Labor Law § 240 (1) at the time of his accident. Furthermore, the defendants submitted evidence sufficient to establish, prima facie, that the plaintiffs accident did not involve construction, demolition, or excavation and, accordingly, Labor Law § 241 (6) does not apply (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]; Nagel v D & R Realty Corp., 99 NY2d 98 [2002]; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697 [2012]). In opposition to the defendants’ prima facie showing as to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the defendants’ motion which were for summary judgment dismissing the plaintiffs Labor Law §§ 240 (1) and 241 (6) causes of action. Skelos, J.E, Dickerson, Leventhal and Hall, JJ., concur.