■ NIMIA GARCIA, Respondent, v TOWN OF BABYLON INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants, and CREATIVE JUICES PRINTING & GRAPHICS et al., Appellants. [990 NYS2d 849]—

In a consolidated action to recover damages for personal injuries, etc., the defendant Creative Juices Printing & Graphics appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered October 24, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Gazzilla Corp. separately appeals from so much of the same order as denied that branch of its cross motion, made jointly with the defendant Town of Babylon, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bills of costs, and the motion of the defendant Creative Juices Printing & Graphics for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and that branch of the cross motion of the defendant Gazzilla Corp. which was for summary judgment dismissing the complaint insofar as asserted against it are granted.

The Supreme Court improperly denied that branch of the motion of the defendant Gazzilla Corp, made jointly with the defendant Town of Babylon, which was for summary judgment dismissing the complaint insofar as asserted against it. An out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord has retained control over the premises, and if the landlord has a duty imposed by statute or assumed by contract or a course of conduct (*see Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *Healy v Bartolomei*, 87 AD3d 1112, 1113 [2011]). Here, Gazzilla Corp. established, prima facie, that it was an out-of-possession landlord with no such duty, such that liability could not be imposed upon it (*see Chapman v MCS Realty, LLC*, 92 AD3d 913 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18-19; *Travers v RCPI Landmark Props., LLC*, 74 AD3d 956, 957-958 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Gazzilla Corp. retained control over the premises or had a contractual duty to maintain and repair the premises (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 19). Inasmuch as Gazzilla Corp. did not owe a duty to the plaintiff, we need not address the issue of whether it had notice of the alleged dangerous condition (*see id.*).

The Supreme Court also improperly denied the motion of the

defendant Creative Juices Printing & Graphics (hereinafter Creative) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "Premises liability, as with liability for negligence generally, begins with duty" (*id.* at 13), the extent and existence of which is a question of law (*see id.*; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Generally, "liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control, or special use of that property" (*Suero-Sosa v Cardona*, 112 AD3d 706, 707 [2013]; *Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]). Where none of those factors exist, a party cannot be held liable for injuries caused by the allegedly defective condition (*see Sanchez v 1710 Broadway, Inc.*, 79 AD3d at 846).

Here, Creative established that it was another tenant of the premises and did not own, occupy, or control the area where the plaintiff's accident allegedly occurred. Therefore, it established, prima face, that it did not owe the plaintiff a duty of care (*Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Alami v 215 E. 68th St., L.P.*, 88 AD3d 924 [2011]). In opposition, the plaintiff failed to raise an issue of fact.

Therefore, the Supreme Court should have granted Creative's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and that branch of Gazzilla Corp.'s cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur. ■