■ SANTOS ROMAN, Respondent, v JUNIUS-LIBERTY DEVELOPMENT, LLC, Appellant, and WOMEN IN NEED, INC., Respondent, et al., Defendant. [994 NYS2d 161]—

In an action to recover damages for personal injuries, the defendant Junius-Liberty Development, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 20, 2013, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and on the issue of liability on its cross claim against the defendant Women In Need, Inc., for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendant Junius-Liberty Development, LLC, payable by the plaintiff and by the defendant Women In Need, Inc., and those branches of the motion of the defendant Junius-Liberty Development, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and on the issue of liability on its cross claim for contractual indemnification against the defendant Women In Need, Inc., are granted.

The plaintiff allegedly was injured when he fell while exiting the bathtub in his apartment at the Liberty Avenue Shelter. The plaintiff alleged that, while he was taking a shower, the water suddenly became extremely hot, and he pulled the curtain with his left hand while trying to get out of the bathtub. The plaintiff testified at his deposition that, as he was stepping out of the bathtub with his right foot, the shower curtain rod became detached from the wall and hit him in the back of the neck, causing him to slip and fall and hit the floor with his right hand. The plaintiff also alleged that the rod had become detached from the wall almost every time he used it because it was too short for the brackets supporting it. He further alleged that he had informed the shelter staff of the problem with the curtain rod on multiple occasions, as well as the fact that the water frequently became very hot without warning.

The defendant Junius-Liberty Development, LLC (hereinafter Junius), the owner of the subject premises, moved, inter alia,

for summary judgment dismissing the complaint insofar as asserted against it and on the issue of liability on its cross claim for contractual indemnification against its tenant, the defendant Women In Need, Inc. (hereinafter Women In Need), which managed the subject premises as the Liberty Avenue Shelter. We agree with Junius that the Supreme Court erred in denying the motion in its entirety.

An out-of-possession owner or lessor, such as Junius, is not liable for injuries that occur on the owned or leased premises unless it has retained control over the premises, and is statutorily or contractually obligated to repair or maintain the premises, or has assumed such a duty by virtue of a course of conduct (*see Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]). Junius's tenant, Women In Need, was obligated, pursuant to a lease, to maintain the demised premises in good condition and repair. Although Junius was obligated under the lease to repair or replace the boiler upon written notice from Women In Need, there is no evidence in the record that Junius was ever given notice of a problem with the boiler at the premises. Junius established its prima facie entitlement to judgment as a matter of law by showing that its contractual obligation to make repairs to the boiler was not triggered (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]). In opposition to Junius's showing that it did not have notice of any problem with the boiler or the water temperature at the premises, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Junius's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Junius also established its prima facie entitlement to judgment as a matter of law on the issue of liability on its cross claim for contractual indemnification against Women In Need pursuant to Section 10.1 of the lease between it and Women In Need (*see Baillargeon v Kings County Waterproofing Corp.*, 91 AD3d 686 [2012]; *Kennelty v Darlind Constr.*, 260 AD2d 443 [1999]). In opposition, Women In Need failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Junius's motion which was for summary judgment on the issue of liability on its cross claim for contractual indemnification against Women In Need. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.