■ ANGELA VILLARREAL, Appellant, v CJAM ASSOCIATES, LLC, Respondent. [2 NYS3d 584]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 18, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (*see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546 [2014]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *Healy v Bartolomei*, 87 AD3d 1112, 1113 [2011]). Here, in support of its motion for summary judgment dismissing the complaint, the defendant established, prima facie, that it was an out-of-possession landlord with no such duty, such that liability could not be imposed upon it by the plaintiff for her accident on the subject premises (*see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d at 546; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18-19). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant retained control over the premises or had a contractual duty to maintain and repair the area of the premises where the accident occurred (*see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d at 546; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 19). Furthermore, the plaintiff failed to raise a triable issue of fact that the metal grate through which she fell had a structural or design defect in violation of a specific statutory provision, as a basis for imposing liability upon the defendant (*see Centeno v 575 E. 137th St. Real Estate, Inc.*, 111 AD3d 531 [2013]; *Bouima v Dacomi, Inc.*, 36 AD3d 739 [2007]). As the defendant did not owe a duty to the plaintiff, we need not address the issue of whether it had notice of the alleged dangerous condition (*see Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d at 546; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 19).

Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Chambers, J.P., Hall, Cohen and LaSalle, JJ., concur.