■ MARIA POOLE, Respondent, v MCPJF, INC., Appellant, et al., Defendants. [7 NYS3d 399]—

In an action to recover damages for personal injuries, the defendant MCPJF, Inc., appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated May 16, 2013, which denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant MCPJF, Inc., among others, alleging that she was injured when she slipped and fell on snow and ice on the sidewalk in front of premises owned by MCPJF, Inc. On its motion for summary judgment dismissing the complaint insofar as asserted against it, MCPJF, Inc., argued that it was an out-of-possession landlord which had not retained control over the premises, and that the tenant at the premises had the duty to clear the sidewalk of snow and ice.

"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Villarreal v CJAM Assoc., LLC*, 125 AD3d 644, 645 [2015]; *see Roman v Junius-Liberty Dev., LLC*, 121 AD3d 774, 775 [2014]; *Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546, 547 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]).

Here, the plaintiff did not allege that the landlord's duty was statutory or based on a course of conduct. Thus, to prevail on its motion, MCPJF, Inc., was required to demonstrate, prima facie, that it had not retained control over the premises, or that it had no contractual duty to remove snow and ice from the area where the plaintiff allegedly slipped and fell. MCPJF, Inc., failed to sustain this burden because it failed to submit a copy of the lease between it and the entity that was the tenant of the subject premises at the time of the accident (*see Azumally v 16 W. 19th LLC*, 79 AD3d 922, 923 [2010]; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889, 890 [2009]). Furthermore, MCPJF, Inc., could not sustain its prima facie burden by relying on evidence it submitted for the first time

with its reply papers (see *DiLapi v Saw Mill Riv., LLC*, 122 AD3d 896, 900 [2014]; *Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d 876, 879 [2013]; *Damas v Valdes*, 84 AD3d 87, 96 [2011]; *Migdol v City of New York*, 291 AD2d 201 [2002]). In any event, the belated submissions did not cure the basic deficiency in its initial moving papers.

The failure of MCPJF, Inc., to make a prima facie showing of its entitlement to judgment as a matter of law required denial of its motion, regardless of the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.