■ ANN DUGGAN, Appellant, v CRONOS ENTERPRISES, INC., et al., Defendants, and DAWN ESTATES TRUST et al., Respondents.
[18 NYS3d 555]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 3, 2013, which granted the motion of the defendants Dawn Estates Trust, Dawn Estates Shopping Center, Dawn Estates, Inc., Bernard Kaplan, and Theodore Kaplan for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she tripped and fell on an approximately one-inch difference in elevation between a ramp and a curb located in a parking lot owned by the defendants Dawn Estates Trust, Dawn Estates Shopping Center, Dawn Estates, Inc., Bernard Kaplan, and Theodore Kaplan (hereinafter collectively the Dawn Estates defendants). The plaintiff commenced this action against, among others, the Dawn Estates defendants, which had leased the subject premises, including the parking lot where the plaintiff fell, to a tenant. The Dawn Estates defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.

An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (see Garcia v Town of Babylon Indus. Dev. Agency, 120 AD3d 546, 547 [2014]; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d 852 [2014]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]). Here, in support of their motion for summary judgment dismissing the complaint, the Dawn Estates defendants established, prima facie, that they were out-of-possession landlords with no duty to repair or maintain the subject parking lot, such that liability could not be imposed upon them in this action (see Garcia v Town of Babylon Indus. Dev. Agency, 120 AD3d at 547; Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d at 852). In opposition, the plaintiff failed to raise a triable issue of fact (see Wenzel v 16302 Jamaica Ave., LLC, 115 AD3d at 853).

The plaintiff's remaining contentions need not be reached in

light of our determination. Chambers, J.P., Hall, Duffy and Barros, JJ., concur. **[Prior Case History: 2013 NY Slip Op 31287(U).]**