■ HARBIR SINGH, Respondent, v 405 SIXTH, LLC, et al., Appellants, et al., Defendant. [24 NYS3d 100]—

In a consolidated action to recover damages for personal injuries, the defendants 405 Sixth, LLC, and Samco Properties, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated July 31, 2014, as, upon renewal, adhered to its determination in an order dated January 16, 2014, denying their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order dated January 16, 2014, is vacated, and the motion of the defendants

405 Sixth, LLC, and Samco Properties, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly fell through an open trap door inside premises owned by the defendant 405 Sixth, LLC, managed by the defendant Samco Properties, Inc., and leased to the defendant S.S. International News. The plaintiff commenced an action against the defendants 405 Sixth, LLC, and Samco Properties, Inc. (hereinafter together the landlord defendants), and he commenced a separate action against the defendant S.S. International News, Inc. The two actions were subsequently consolidated. The landlord defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. That motion was denied, with leave to renew. The landlord defendants renewed their motion, and upon renewal, the Supreme Court adhered to its earlier determination.

"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Villarreal v CJAM Assoc., LLC*, 125 AD3d 644, 645 [2015]; *see Roman v Junius-Liberty Dev., LLC*, 121 AD3d 774, 775 [2014]; *Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546, 547 [2014]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]). Here, upon renewal, the landlord defendants established their prima facie entitlement to judgment as a matter of law by establishing that 405 Sixth, LLC, was an out-of-possession landlord, that the landlord defendants were not contractually obligated to maintain the premises, that they did not endeavor to perform such maintenance, and that they owed no duty to the plaintiff by virtue of any statute upon which the plaintiff relies (*see Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601 [2012]; *Vialva v 40 W. 25th St. Assoc., L.P.*, 96 AD3d 735 [2012]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the landlord defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

In light of our determination, we need not reach the landlord defendants' remaining contention. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.