■ JOHN DAVIDSON et al., Respondents, v STEEL EQUITIES et al., Appellants. [30 NYS3d 275]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered January 8, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Under New York common law, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (*Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *see Basso v Miller*, 40 NY2d 233 [1976]; *see also Peralta v Henriquez*, 100 NY2d 139, 143-144 [2003]), taking into account all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Peralta v Henriquez*, 100 NY2d at 144; *Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *Basso v Miller*, 40 NY2d at 241). However, "[a]n out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Duggan v Cronos Enters., Inc.*, 133 AD3d 564, 564 [2015]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 852 [2014]). Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Nelson v Cunningham Assoc., L.P.*, 77 AD3d 638 [2010]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants failed to demonstrate, prima facie, that they were out-of-possession landlords that did not have a contractual duty to remedy the specific dangerous or defective condition alleged here (*see Quituizaca v Tucchiarone*, 115 AD3d 924 [2014]). Moreover, contrary to the defendants' contention, they failed to demonstrate, prima facie, that they did not have notice of the alleged dangerous or defective condition. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition

papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 851 [1985]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.