Washington-Fraser v Industrial Home for the Blind (2018 NY Slip Op 05620)





Washington-Fraser v Industrial Home for the Blind


2018 NY Slip Op 05620


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-05788
 (Index No. 44/13)

[*1]Rosemary Washington-Fraser, respondent, 
v
Industrial Home for the Blind, etc., appellant.


Rutherford & Christie, LLP, New York, NY (Lauren E. Bryant and David S. Rutherford of counsel), for appellant.
Peters Berger Koshel & Goldberg, P.C., Brooklyn, NY (Marc A. Novick of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated May 5, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when, after entering a building through an exterior door, she slipped and fell on water located on an interior staircase. The plaintiff commenced this action against the defendant, the owner of the building, to recover damages for personal injuries. The plaintiff asserted that the defendant was negligent in failing to maintain and repair the exterior door, doorway, and stairwell, which were allegedly defective. The plaintiff claimed that the allegedly defective conditions in the exterior door, doorway, and stairwell caused the staircase to become slippery by, among other things, allowing rainwater to enter through the doorway and collect on the stairs.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing that as an out-of-possession landlord, it was not responsible for the conditions that allegedly caused the accident. In support of its motion, the defendant relied upon
its lease with the nonparty tenant. The lease contained a provision obligating the defendant to maintain the interior and exterior public portions of the building, and required the nonparty tenant to make nonstructural repairs. The lease also provided that the defendant reserved the right to re-enter the premises for purposes of, inter alia, inspecting the premises and making repairs. In opposition to the defendant's motion, the plaintiff contended, among other things, that the lease required the defendant to maintain and repair the structural elements, which included the subject exterior door, doorway, and stairwell. The Supreme Court denied the defendant's motion. The defendant appeals.
"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (Duggan v Cronos Enters., Inc., [*2]133 AD3d 564, 564; see Davidson v Steel Equities, 138 AD3d 911, 912). "Even if a defendant is considered an out-of-possession landlord who assumed the obligation to make repairs to its property, it cannot be held liable for injuries caused by a defective condition on the property unless it either created the condition or had actual or constructive notice of it" (Davidson v Steel Equities, 138 AD3d at 912).
Here, the defendant failed to demonstrate, prima facie, that it was an out-of-possession landlord that did not have a contractual duty under the lease to maintain the subject exterior door, doorway, and stairwell, or to repair the alleged defects therein that caused the plaintiff's accident (see id.; Quituizaca v Tucchiarone, 115 AD3d 924, 925-926; Lee v Second Ave. Vil. Partners, LLC, 100 AD3d 601, 602; Lalicata v 39-15 Skillman Realty Co., LLC, 63 AD3d 889). Moreover, the defendant failed to demonstrate, prima facie, that it did not create the allegedly defective conditions, and that it did not have actual or constructive notice of them (see Davidson v Steel Equities, 138 AD3d at 912; Nelson v Cunningham Assoc., L.P., 77 AD3d 638, 639).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 851).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court