Ferraro v 270 Skip Lane, LLC (2019 NY Slip Op 07924)





Ferraro v 270 Skip Lane, LLC


2019 NY Slip Op 07924


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-03206
 (Index No. 6387/15)

[*1]Ronald Ferraro, appellant,
v
270 Skip Lane, LLC, et al., respondents.


Joseph B. Strassman, Rockville Centre, NY, for appellant.
Rawle & Henderson, LLP, New York, NY (Derek E. Barrett of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered January 3, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when his foot became caught in a pothole in a parking lot located on premises owned by the defendant 270 Skip Lane, LLC (hereinafter 270 Skip Lane), and leased to the plaintiff's employer. The plaintiff alleges that he was walking across the parking lot when his foot became caught in a pothole and his leg twisted, injuring his knee. The plaintiff commenced this action against 270 Skip Lane and its management company, the defendant JPD United, Inc., to recover damages for his injuries. The defendants moved for summary judgment dismissing the complaint, arguing that the defendant 270 Skip Lane was an out-of-possession landlord with no duty to repair the parking lot. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864). The liability of an out-of-possession landlord must be based on the violation of a duty imposed by statute or assumed by contract or a course of conduct, "and not merely through its control' as that term is currently used" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18; see Star v Berridge, 77 NY2d 899, 901; People v Scott, 26 NY2d 286, 290; Richer v JQ II Assoc., LLC, 166 AD3d 692, 693; cf. Gronski v County of Monroe, 18 NY3d 374, 379).
Here, the complaint sounds in common-law negligence and the pleadings do not allege the violation of a statute. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that 270 Skip Lane was an out-of-possession landlord which did not assume a duty by contract or course of conduct to maintain the parking lot of the [*2]leased premises (see Fox v Saloon, 166 AD3d 950, 951; Richer v JQ II Assoc., LLC, 166 AD3d at 694; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946; Castillo v Wil-Cor Realty Co., Inc., 109 AD3d 863, 864; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18). In opposition, the plaintiff failed to raise a triable issue of fact (see Fox v Saloon, 166 AD3d at 951).
Having correctly determined that 270 Skip Lane lacked a duty to repair the parking lot, the Supreme Court was not required to address the issue of whether it had notice of the alleged dangerous condition (see Villarreal v CJAM Assoc., LLC, 125 AD3d 644, 645; Garcia v Town of Babylon Indus. Dev. Agency, 120 AD3d 546, 547; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 19).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court