Negri-Riglos v First N. Star, LLC (2020 NY Slip Op 06133)





Negri-Riglos v First N. Star, LLC


2020 NY Slip Op 06133


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-13925
 (Index No. 716871/17)

[*1]Maria Negri-Riglos, respondent, 
v
First Northern Star, LLC, appellant, et al., defendant. Raven & Kolbe, LLP, New York, NY (John J. Phelan of counsel), for appellant.


Surdez & Perez, P.C., Astoria, NY (Kayla E. Bargeron of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant First Northern Star, LLC, appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 25, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped on snow and water and stepped "into [a] hole" located in a parking lot of the premises owned by the defendant First Northern Star, LLC (hereinafter First Northern), and leased by the defendant Rite Aid Corporation (hereinafter Rite Aid). The plaintiff commenced this action to recover damages for her alleged injuries. First Northern moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was an out-of-possession landlord with no obligation to repair or maintain the premises. The Supreme Court denied First Northern's motion. First Northern appeals.
"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (Duggan v Cronos Enters., Inc., 133 AD3d 564, 564; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Chapman v Silber, 97 NY2d 9, 19-20). Here, in support of its motion for summary judgment, First Northern failed to demonstrate, prima facie, that it did not have a contractual duty, based upon certain provisions in the lease between First Northern and Rite Aid, to remedy the specific dangerous or defective condition alleged herein (see Davidson v Steel Equities, 138 AD3d 911, 912; Quituizaca v Tucchiarone, 115 AD3d 924, 925-926). Further, First Northern failed to establish its prima facie entitlement to judgment as a matter of law on its alternative theory that it did not create or have actual or constructive notice of the allegedly defective condition, since it failed to address those issues in its motion papers (see Agbosasa v City of New York, 168 AD3d 794, 797; Monopoli v Food Emporium, Inc., 135 AD3d 716, 717-718).
Since First Northern failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (see Winegrad [*2]v New York Univ. Med. Ctr., 64 NY2d 851, 853)
Accordingly, we agree with the Supreme Court's determination denying First Northern's motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court