Aponte v Lee (2021 NY Slip Op 00539)





Aponte v Lee


2021 NY Slip Op 00539


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02060
 (Index No. 23054/12)

[*1]Ana Garcia Aponte, appellant,
v
Philip L. Lee, etc., et al., respondents, et al., defendants (and a third-party action).


Burns & Harris, New York, NY (Blake G. Goldfarb, Judith F. Stempler, and Jason Steinberg of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 3, 2019. The order, insofar as appealed from, granted the motion of the defendants Philip L. Lee, Alexandra L. Yee, and Flushing Sunshine Properties, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when she fell while descending an interior staircase in premises owned or managed by the defendants Philip L. Lee, Alexandra L. Yee, and Flushing Sunshine Properties, Inc. (hereinafter collectively the defendants), and leased by the plaintiff's employer. According to the plaintiff, she fell because the stairs were uneven, the handrail was loose, and the lighting was poor. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they were out-of-possession landlords with no duty to maintain the stairway within the leased premises. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (see Davidson v Steel Equities, 138 AD3d 911, 912; Duggan v Cronos Enters., Inc., 133 AD3d 564, 564).
Here, the defendants demonstrated, prima facie, that they were out-of-possession landlords who neither retained control over the stairway nor were contractually obligated by the lease to maintain or repair it (see McComish v Luciano's Italian Rest., 56 AD3d 534, 534; Salgado v Ring, 21 AD3d 362, 363; Berado v City of Mount Vernon, 262 AD2d 513, 514). Similarly, it cannot be said that the defendants, by their conduct, assumed a responsibility to maintain or repair the premises (see Whittington v Champlain Ctr. N. LLC, 123 AD3d 1253, 1254).
In opposition, the plaintiff failed to raise a triable issue of fact. Although the defendants retained the right to enter the premises to make repairs, the plaintiff failed to raise a triable issue of fact as to whether the defendants violated a specific statutory provision (see Valenti v 400 Carlls Path Realty Corp., 52 AD3d 696, 697).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court