Weidner v Basser-Kaufman 228, LLC (2023 NY Slip Op 00126)

Weidner v Basser-Kaufman 228, LLC

2023 NY Slip Op 00126

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-03722
 (Index No. 600034/16)

[*1]Michael Weidner, appellant, 
v
Basser-Kaufman 228, LLC, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Liss M. Mendez], of counsel), for appellant.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William Condon, J.), dated May 4, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On the morning of August 2, 2013, the plaintiff allegedly sustained personal injuries due to a defect in the interior floor of the defendant's premises. On January 4, 2016, the plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it was an out-of-possession landlord, which had no duty to repair the alleged nonstructural floor condition at issue. The Supreme Court granted the motion. The plaintiff appeals.
On appeal, the plaintiff has abandoned the arguments he originally made in opposition to the motion. He contends instead that the defendant failed to meet its initial burden as the movant since, pursuant to the lease agreement, the defendant was required to repair damage to the floor regardless of whether it was structural in nature. Although this argument is raised for the first time on appeal, we reach the argument because it presents a pure question of law appearing on the face of the record which would not have been avoided if raised at the proper juncture (see Loiacono v Goldberg, 240 AD2d 476, 477). "An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a 'duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). "Where the terms of an agreement are unambiguous, interpretation is a question of law for the court" (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d 37, 40; see Kaplan v Kaplan, 174 AD3d 691, 693). Here, according to the lease agreement, the landlord was required to "make all structural, exterior walls, floor and roof repairs and replacements to Tenant's Building." Contrary to the defendant's contention, pursuant to the lease agreement, its duty to repair the floor was not limited to floor conditions which were structural in nature, and it failed to establish, prima facie, that it had no duty [*2]to repair the alleged nonstructural condition at issue (see Negri-Riglos v First N. Star, LLC, 187 AD3d 1200, 1201).
Accordingly, the defendant failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and its motion for summary judgment dismissing the complaint is denied.
The plaintiff's remaining contention is not properly before this Court.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court