■ THOMAS COYNE, Appellant, v 101 HUDSON STREET URBAN RENEWAL ASSOCIATES et al., Respondents. [680 NYS2d 527] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered September 8, 1997, which granted defendants' motions and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff while working in the employ of Regional Scaffold and Hoisting Company, a scaffolding subcontractor, sustained injury at a New Jersey construction site when he tripped upon a bolt hole in timber laid upon the ground for use as a crane platform; plaintiff had been instructed to walk across the timber by his foreman, also a Regional employee, to avoid surrounding areas of mud. Although plaintiff had sought to recover for his injuries by asserting claims pursuant to Labor Law §§ 240 and 241, he has since conceded that such claims are not viable because he was injured in New Jersey, beyond the reach of those sections of the New York statute (*see, Padula v Lilarn Props. Corp.*, 84 NY2d 519). He argues, however, that the motion court erred in failing to consider that defendants might be proved liable under New Jersey negligence law.

The summary judgment motions were properly granted. Although the courts of both New York and New Jersey recognize a common-law duty on the part of a property owner or general contractor to provide a reasonably safe work place (*see, Lombardi v Stout*, 80 NY2d 290; *Kane v Hartz Mtn. Indus.*, 278 NJ Super 129, 650 A2d 808, *affd* 143 NJ 141, 669 A2d 816), such duty does not exist apart from the owner's or contractor's supervision or control over the work with respect to which it is asserted (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505; *Russin v Picciano & Son*, 54 NY2d 311, 316-317; *Dawson v Bunker Hill Plaza Assocs.*, 289 NJ Super 309, 318, 673 A2d 847, 851, *cert denied* 146 NJ 569, 683 A2d 1164; *Kane v Hartz Mtn. Indus., supra*, 278 NJ Super, at 140, 650 A2d, at 813). Here, in opposition to defendants' motions for summary

judgment premised largely upon plaintiff's deposition testimony that his work at the time of his accident had been supervised exclusively by Regional, plaintiff failed to offer proof showing that there was a factual issue as to whether defendant owner 101 Hudson Street Urban Renewal Associates or defendant general contractor Morse Diesel, Inc. had had such control and/or supervision over the circumstances of plaintiff's work as would be requisite to the imposition of common-law liability. It follows, a fortiori, that defendant Tishman Construction Corporation of New York, neither the owner of the subject work site nor the general contractor of the construction in which plaintiff was engaged, nor even a subcontractor of that general contractor, but merely an independent contractor for a lessee of the space under construction and, as such, without authority to supervise plaintiff's work (*see, Russin v Picciano & Son*, 54 NY2d, *supra*, at 316-317), and without any actual involvement in the circumstances leading to plaintiff's injury (*see, Dawson v Bunker Hill Plaza Assocs., supra*, 289 NJ Super, at 322, 673 A2d, at 853), may not be called upon to answer on a common-law theory for plaintiff's injury.

We have considered plaintiff's other arguments and find them to be unavailing. Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.