■ JOLLY MENDOZA, Respondent, v MANILA BAR & RESTAURANT CORP., Respondent, and JOSE VALCAREL, Appellant. [33 NYS3d 448]—

In an action to recover damages for personal injuries, the defendant Jose Valcarel appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated July 29, 2015, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and for summary judgment on his cross claim for common-law indemnification and his purported cross claims for contractual indemnification and to recover damages for breach of contract to procure insurance.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Jose Valcarel which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Jose Valcarel which was for summary judgment on his cross claim for common-law indemnification, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed, with one bill of costs to the defendant Jose Valcarel.

The plaintiff commenced this action against the defendant tenant, Manila Bar & Restaurant Corp. (hereinafter Manila), and the defendant landlord, Jose Valcarel, to recover damages for personal injuries, alleging that she slipped and fell in the single-occupancy bathroom of the subject premises. The plaintiff alleged that almost the entire bathroom floor was covered with liquid consisting of cleaning solution and water.

Valcarel moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and also sought summary judgment on his cross claim for common-law indemnification and his purported cross claims

for contractual indemnification and breach of contract to procure insurance. The Supreme Court denied the motion in its entirety, and Vacarel appeals.

The Supreme Court should have granted that branch of Valcarel's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. "An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Duggan v Cronos Enters., Inc.*, 133 AD3d 564, 564 [2015]; *see Rivera v Nelson Realty, LLC*, 7 NY2d 530, 534 [2006]; *Villarreal v CJAM Assoc., LLC*, 125 AD3d 644, 645 [2015]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]). Here, Valcarel established, prima facie, that he was an out-of-possession landlord with no contractual obligation to maintain the premises, and that he neither endeavored to perform such maintenance nor owed any duty to the plaintiff by virtue of any statute upon which the plaintiff relies (*see Singh v 405 Sixth, LLC*, 134 AD3d 1094, 1095 [2015]; *Vialva v 40 W. 25th St. Assoc., L.P.*, 96 AD3d 735, 736 [2012]). In opposition, neither the plaintiff nor Manila raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court denied, as premature, that branch of Valcarel's motion which was for summary judgment on his purported cross claims for contractual indemnification and breach of contract to procure insurance. We affirm on a different ground. That branch of the motion should have been denied since Valcarel never pleaded cross claims for contractual indemnification and breach of contract to procure insurance, and it would be inappropriate to consider summary judgment on such unpleaded cross claims under the circumstances presented (*see Kramer v Danalis*, 49 AD3d 263, 264 [2008]; *Weinstock v Handler*, 254 AD2d 165, 166 [1998]).

Contrary to Manila's contention, Valcarel did plead a cross claim for common-law indemnification (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). However, in light of our determination that the Supreme Court should have granted that branch of Valcarel's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, his contentions concerning his cross claim for common-law indemnification against Manila have been rendered academic (*see Stagno v 143-50 Hoover*

*Owners Corp.*, 48 AD3d 548, 549-550 [2008]). Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.