■ MANUEL FAJARDO, Respondent, v MAINCO ELEVATOR & ELECTRICAL CORP. et al., Appellants-Respondents, and BRONX CENTER FOR REHABILITATION AND HEALTHCARE, LLC, Respondent-Appellant, et al., Defendants. [40 NYS3d 121]—

In an action to recover damages for personal injuries, the defendants Mainco Elevator & Electrical Corp., Mainco Corp., and Mainco Elevator Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered February 27, 2014, as granted that branch of their cross motion which was pursuant to CPLR 3126 to strike the answer of the defendant Bronx Center for Rehabilita-

tion and Healthcare, LLC, based upon spoliation of evidence only to the extent of directing that defendant to produce its expert witness for a deposition, and otherwise denied that branch of their cross motion, and denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims seeking contractual indemnification and alleging breach of an agreement to procure insurance asserted against the defendant Bronx Center for Rehabilitation and Healthcare, LLC; the defendant Underbruckner Realty Co., LLC, separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim for contractual indemnification against the defendant Bronx Center for Rehabilitation and Healthcare, LLC; and the defendant Bronx Center for Rehabilitation and Healthcare, LLC, cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from by the defendants Mainco Elevator & Electrical Corp., Mainco Corp., and Mainco Elevator Corp.; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Underbruckner Realty Co., LLC, on the law, that branch of the cross motion of the defendant Underbruckner Realty Co., LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted, and the cross motion is otherwise denied as academic; and it is further,

Ordered that the order is reversed insofar as cross-appealed from by the defendant Bronx Center for Rehabilitation and Healthcare, LLC, on the law, and that branch of the motion of the defendant Bronx Center for Rehabilitation and Healthcare, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Mainco Elevator & Electrical Corp., Mainco Corp., and Mainco Elevator Corp.; and it is further,

Ordered that one bill of costs is awarded to the defendant Bronx Center for Rehabilitation and Healthcare, LLC, payable by the plaintiff and the defendants Mainco Elevator & Electrical Corp., Mainco Corp., and Mainco Elevator Corp., appearing separately and filing separate briefs; and it is further,

Ordered that one bill of costs is awarded to the defendant Underbruckner Realty Co., LLC, payable by the plaintiff.

On March 14, 2008, the plaintiff, while working as a porter at a building owned by the defendant Underbruckner Realty Co., LLC (hereinafter Underbruckner), and leased by the defendant Bronx Center for Rehabilitation and Healthcare, LLC (hereinafter Bronx Center), for use as a nursing home, was attempting to gain access to an external freight elevator. The plaintiff alleged that the elevator became stuck while rising to street level, where he was standing. The plaintiff approached the elevator and placed his foot on a cross bar at the top of the elevator in an effort to call down to his coworkers through the shaft. The elevator dropped into the shaft after its hoist cable snapped, and the plaintiff fell with it, sustaining injuries.

Bronx Center had entered into an elevator maintenance agreement with the defendants Mainco Elevator & Electrical Corp., Mainco Corp., and Mainco Elevator Corp. (hereinafter collectively Mainco), pertaining to the elevator, and had also entered into a repair agreement with Mainco concerning that elevator's hoist cable.

The plaintiff commenced this action to recover damages for personal injuries against, among others, Mainco, Bronx Center, and Underbruckner (hereinafter collectively the defendants). Mainco asserted cross claims against Bronx Center for contractual indemnification, and alleging breach of an agreement to procure insurance on its behalf. Underbruckner also asserted a cross claim against Bronx Center for contractual indemnification.

Mainco cross-moved pursuant to CPLR 3126 to strike Bronx Center's answer for spoliation of evidence. Mainco also moved for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims against Bronx Center. Bronx Center moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Underbruckner cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and on its cross claim for contractual indemnification against Bronx Center. The Supreme Court granted Mainco's cross motion to strike Bronx Center's answer only to the extent of directing Bronx Center to produce its expert witness for a deposition, and denied the other branches of the defendants' motions and cross motions.

In cross-moving pursuant to CPLR 3126 to strike Bronx Center's answer based upon spoliation of evidence, Mainco argued that Bronx Center did not permit it to complete its inspection of the elevator. " 'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally

destroys key evidence, the responsible party may be sanctioned under CPLR 3126' " (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 713 [2013], quoting *Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]). Here, the Supreme Court did not improvidently exercise its discretion in granting Mainco's cross motion only to the extent of directing that the Bronx Center produce its expert for a deposition, since Mainco had ample opportunity to inspect and photograph the subject elevator on the day of the accident, never made a request in the several months after the accident to conduct a further inspection, and has not identified any evidence it sought to obtain from such further inspection (*see Doviak v Finkelstein & Partners, LLP*, 137 AD3d 843, 846 [2016]).

Mainco failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it did not have a duty to the plaintiff. " 'An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found' " (*Dykes v Starrett City, Inc.*, 74 AD3d 1015, 1016 [2010], quoting *Rogers v Dorchester Assoc.*, 32 NY2d 553, 559 [1973]; *see Kawka v 135-55 35th Realty, LLC*, 139 AD3d 677, 678 [2016]; *Reed v Nouveau El. Indus., Inc.*, 123 AD3d 1102, 1103 [2014]; *Tucci v Starrett City, Inc.*, 97 AD3d 811, 812 [2012]). Further, "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons . . . where the contracting party has entirely displaced the other party's duty" of safe maintenance (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [citation omitted]; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]).

Here, the maintenance agreement between Mainco and Bronx Center required Mainco to periodically "inspect" the elevator and to "perform the New York City Local Law #10 mandated annual inspection." The evidence demonstrated that, if there were any problems with the elevator, Bronx Center called Mainco, and Mainco inspected the elevator to determine and report on the cause of the problem. The evidence further indicated that if the cause of the problem was not a repair covered by the maintenance contract, Mainco issued a repair proposal, and would perform the repair upon acceptance of its proposal. Under these circumstances, Mainco failed to demonstrate as a matter of law that it did not assume a duty to the

plaintiff and that the plaintiff's claims did not fall within the scope of that duty.

Mainco also failed to make a prima facie showing that, as a matter of law, the plaintiff's conduct once the elevator became stuck constituted a superseding cause of the accident (see *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; see *Fahey v A.O. Smith Corp.*, 77 AD3d 612, 616 [2010]).

Mainco failed to establish its prima facie entitlement to judgment as a matter of law on its claim for contractual indemnification against Bronx Center, since its own alleged negligence may have contributed to the accident. In response to Mainco's prima facie showing of entitlement to judgment as a matter of law on its cross claim for contractual indemnification and alleging breach of an agreement to procure insurance under the repair contract, Bronx Center raised a triable issue of fact as to whether it was bound by those provisions. Specifically, there was a triable issue of fact as to whether Mainco ever provided Bronx Center with the unsigned "terms and conditions" page of the contract containing those provisions, so as to make them part of the parties' contract.

Accordingly, the Supreme Court properly denied Mainco's motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims against Bronx Center for contractual indemnification and alleging breach of an agreement to procure insurance.

Bronx Center demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the plaintiff's action against it was barred by the Workers' Compensation Law. " 'In general, workers compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment' " (*Matias v City of New York*, 127 AD3d 1145, 1146 [2015], quoting *Maropakis v Stillwell Materials Corp.*, 38 AD3d 623, 623 [2007]; see Workers' Compensation Law §§ 11, 29 [6]). Further, " '[t]he receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer' " (*Wilson v A.H. Harris & Sons, Inc.*, 131 AD3d 1050, 1051 [2015], quoting *Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 924 [2013]).

Here, although the plaintiff was paid by, and received his Workers' Compensation benefits from, an entity with a Brooklyn address, known as Bronx Center Management, Inc., he had never been to that address, he reported to a facility

operated by Bronx Center, and Bronx Center's administrator had authority to terminate his employment. The evidence submitted indicated that Bronx Center Management, Inc., was nothing more than a payroll company, established to pay employee salaries and maintain Workers' Compensation, and was the plaintiff's general employer (*see Bailey v Montefiore Med. Ctr.*, 12 AD3d 545 [2004]). Under these circumstances, Bronx Center demonstrated, prima facie, that it was the plaintiff's special employer (*see Hofweber v Soros*, 57 AD3d 848, 848-849 [2008]; *Bailey v Montefiore Med. Ctr.*, 12 AD3d at 545-546). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Bronx Center's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Underbruckner, as an out-of-possession landlord, " 'can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct' " (*Mendoza v Manila Bar & Rest. Corp.*, 140 AD3d 934, 935 [2016], quoting *Duggan v Cronos Enters., Inc.*, 133 AD3d 564, 564 [2015]; *see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]). Here, Underbruckner demonstrated, prima facie, that it was an out-of-possession landlord, that it was not contractually obligated to maintain the premises, that it did not endeavor to perform such maintenance or otherwise assume a duty through its conduct, and that it owed no duty to the plaintiff by virtue of Multiple Dwelling Law § 78 (*see Mendoza v Manila Bar & Rest. Corp.*, 140 AD3d at 935; *Singh v 405 Sixth, LLC*, 134 AD3d 1094, 1095 [2015]; *Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 866-867 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18-19). As to that alleged statutory duty, the subject premises, operated as a nursing home, which is defined as a "hospital" in the Public Health Law (Public Health Law § 2801 [1]) and is regulated by the Department of Health (*see* 10 NYCRR 415.29), does not constitute a "multiple dwelling" as defined in the Multiple Dwelling Law (Multiple Dwelling Law § 4 [7]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of Underbruckner's cross motion which was for sum-

mary judgment dismissing the complaint insofar as asserted against it. Further, because Underbruckner was entitled to that relief, that branch of its cross motion which was for summary judgment on its cross claim for contractual indemnification asserted against Bronx Center should have been denied as academic, rather than on the merits. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur. ■