Carter v Nouveau Indus., Inc. (2020 NY Slip Op 05483)





Carter v Nouveau Indus., Inc.


2020 NY Slip Op 05483


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-07756
 (Index No. 603789/13)

[*1]Helen Carter, plaintiff-respondent, 
v
Nouveau Industries, Inc., et al., defendants, Nouveau Elevator Industries, Inc., defendant third-party plaintiff-appellant; Velis Associates, Inc., third-party defendant-respondent.


Hannum Feretic Prendergast & Merlino, LLC (Sean M. Prendergast and Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Jessica M. Erickson], of counsel), for defendant third-party plaintiff-appellant.
Dell & Dean, PLLC (Mischel & Horn, New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for plaintiff-respondent.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Randy S. Faust of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered June 8, 2017. The order, insofar as appealed from, (1) denied the defendant third-party plaintiff's motion for summary judgment dismissing the complaint insofar as asserted against it, (2) granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (3) granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to add a products liability cause of action against the defendant third-party plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the third-party defendant's motion which were for summary judgment dismissing the causes of action in the third-party complaint for common-law indemnification and contribution, and substituting therefor a provision denying those branches of that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendant third-party plaintiff, and one bill of costs payable to the defendant third-
party plaintiff by the third-party defendant.
On March 23, 2010, the plaintiff allegedly sustained personal injuries when a panel fell from the wall of an elevator located at North Shore University Hospital (hereinafter the hospital), in Nassau County. The plaintiff commenced this action against, among others, the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), which had been retained to maintain and service the elevators in the hospital. Nouveau commenced a third-party action against Velis Associates, Inc. (hereinafter Velis), which installed the wall panels in the elevator bank where the plaintiff was injured. Nouveau moved for summary judgment dismissing the complaint insofar as asserted against it. Velis moved for summary judgment dismissing the third-party complaint. The plaintiff cross-moved, inter alia, for leave to amend the complaint to add a products liability cause [*2]of action against Nouveau. The Supreme Court denied Nouveau's motion for summary judgment dismissing the complaint insofar as asserted against it, granted Velis's motion for summary judgment dismissing the third-party complaint, and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to add a products liability cause of action against Nouveau. Nouveau appeals.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 762 [internal quotation marks omitted]). "Further, a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons . . . where the contracting party has entirely displaced the other party's duty of safe maintenance" (id. at 762 [internal quotation marks omitted]). We agree with the Supreme Court's determination denying Nouveau's motion for summary judgment dismissing the complaint insofar as asserted against it. Nouveau failed to demonstrate, prima facie, that it did not owe a duty to the plaintiff in light of the terms of its elevator inspection and maintenance contract (see id.). Nor did Nouveau demonstrate, prima facie, either that there was no defect in the elevator that it "ought to have found" or that it "use[d] reasonable care to discover" such a defect (id. [internal quotation marks omitted]). Accordingly, we agree with the court's determination to deny Nouveau's motion for summary judgment regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Raquet v Braun, 90 NY2d 177, 183 [internal quotation marks omitted]). "The duty that forms the basis for the liability arises from the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled . . . to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him" (id. at 183 [internal quotation marks omitted]). We disagree with the Supreme Court's determination granting those branches of Velis's motion which were for summary judgment dismissing the causes of action in the third-party complaint for common-law indemnification and contribution. Velis did not demonstrate, prima facie, that it was not negligent with respect to the installation of the wall panel that allegedly fell on the plaintiff. Nor did Velis demonstrate, prima facie, that such negligence was not a proximate cause of the plaintiff's injuries. Accordingly, the court should have denied those branches of Velis's motion which were for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution regardless of the sufficiency of
Nouveau's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851). However, to the extent Nouveau argues that the court erred in granting those branches of Velis's motion which were for summary judgment dismissing the causes of action for contractual indemnification and to recover damages for breach of an obligation to obtain liability insurance, that argument is without merit. The only alleged contract proffered with respect to Velis was an invoice that did not provide for contractual indemnification, or require Velis to obtain liability insurance.
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241). In reviewing a motion for leave to amend a complaint, "[t]he court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229). "No evidentiary showing of merit is required under CPLR 3025(b)" (id. at 229). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). "The relation-back doctrine is inapplicable where the original allegations did not provide the defendant notice of the need to defend against the allegations of the amended complaint" (Moezinia v Ashkenazi, 136 AD3d 990, 992).
Here, we agree with the Supreme Court's determination to grant that branch of the plaintiff's cross motion which was for leave to amend her complaint to add a products liability cause of action against Nouveau. Contrary to Nouveau's argument, the court correctly deemed this proposed cause of action "to have been interposed at the time the claims in the original pleading were interposed" because the original complaint notified Nouveau of the transactions or occurrences to be proved in the products liability cause of action (CPLR 203[f]; see Cruz v S & S Corrugated Paper Mach. Co., 102 AD2d 840, 841; cf. Moezinia v Ashkenazi, 136 AD3d at 992). Furthermore, the proposed amendment was not "'palpably insufficient' to state a cause of action," nor was it "patently devoid of merit" (Lucido v Mancuso, 49 AD3d at 229). Therefore, the plaintiff was not required to make an "evidentiary showing of merit" (id.). Accordingly, the court did not improvidently exercise its discretion in granting that branch of the plaintiff's cross motion which was for leave to amend her complaint to add a products liability cause of action against Nouveau (see Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d at 1241).
DILLON, J.P., ROMAN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court