Alicea v Medjugorje Realty, LLC (2022 NY Slip Op 06455)

Alicea v Medjugorje Realty, LLC

2022 NY Slip Op 06455

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-14101
2018-14828
 (Index No. 31809/09)

[*1]Marco Antonio Alicea, et al., plaintiffs-respondents,
v
Medjugorje Realty, LLC, et al., defendants- respondents, Imperial Elevator Corporation, defendant fifth-party plaintiff-appellant-respondent, New Cingular Wireless, PCS, LLC, et al., defendants third-party plaintiffs-respondents-appellants; Odyssia Global Communications, third-party defendant/fourth-party plaintiff/fifth-party defendant-respondent; Preferred Builders, Inc., fourth-party defendant/fifth-party defendant-respondent.

Gallo Vitucci Klar, LLP, New York, NY (Stephen A. Denburg and Kimberly A. Ricciardi of counsel), for defendant fifth-party plaintiff-appellant-respondent.
Landman Corsi Ballaine & Ford, P.C., New York, NY (James M. Woolsey III and Stephen Jacobs of counsel), for defendants third-party plaintiffs-respondents-appellants.
Gary S. Alweiss (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for plaintiffs-respondents Marco Antonio Alicea and Nicole Alicea.
Scott Baron & Associates, P.C., Howard Beach, NY (Elliot Skydel of counsel), for plaintiff-respondent Jeffrey Drummond.
Margaret G. Klein & Associates (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for defendants-respondents Medjugorje Realty, LLC, and MGA Realty, LLC.
Kevin P. Westerman, Elmsford, NY (Jonathan R. Walsh of counsel), for defendants-respondents J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc.
McCarthy & Associates, Melville, NY (Michael D. Kern and David Weiser of counsel), for third-party defendant/fourth-party plaintiff/fifth-party defendant-respondent.
Gerber Ciano Kelly Brady, LLP, White Plains, NY (Laura Ashley Martin and Patrick [*2]B. Omilian of counsel), for fourth-party defendant/fifth-party defendant-respondent.
In a consolidated action to recover damages for personal injuries, etc., (1) the defendant fifth-party plaintiff appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated September 11, 2018, and (2) the defendant fifth-party plaintiff appeals from a judgment of the same court dated October 26, 2018. The order, insofar as appealed from by the defendant fifth-party plaintiff, (a) denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (b) granted those branches of the motion of the defendants third-party plaintiffs, and the separate motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them and the cross claims asserted against each of them by the defendant fifth-party plaintiff, and (c) granted those branches of the motion of the third-party defendant/fourth-party plaintiff/fifth-party defendant and the separate motion of the fourth-party defendant/fifth-party defendant which were for summary judgment dismissing the fifth-party complaint insofar as asserted against each of them. The order, insofar as cross-appealed from by the defendants third-party plaintiffs, (a) denied that branch of their motion which was for summary judgment on their cross claim for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action, asserted against the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., and granted that branch of the motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., which was for summary judgment dismissing that cross claim, and (b) denied that branch of the defendants third-party plaintiffs' motion which was for summary judgment on the third-party cause of action for contractual indemnification, and granted that branch of the motion of the third-party defendant/fourth party plaintiff/fifth-party defendant which was for summary judgment dismissing that third-party cause of action. The judgment, insofar as appealed from, upon the order dated September 11, 2018, in effect, dismissed the fifth-party complaint insofar as asserted against the fourth-party defendant/fifth-party defendant.

DECISION & ORDER
By order to show cause dated October 21, 2021, the parties to the appeal and cross appeal from the order dated September 11, 2018, were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal by the defendant fifth-party plaintiff from so much of the order as granted that branch of the motion of the fourth-party defendant/fifth-party defendant which was for summary judgment dismissing the fifth-party complaint insofar as asserted against it, in effect, on the ground that the right of direct appeal from that portion of the order terminated upon entry of the judgment. By decision and order on motion of this Court dated April 13, 2022, the Court's motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals and cross appeal, it is
ORDERED that the motion to dismiss the appeal by the defendant fifth-party plaintiff from so much of the order as granted that branch of the motion of the fourth-party defendant/fifth-party defendant which was for summary judgment dismissing the fifth-party complaint insofar as asserted against it is granted; and it is further,
ORDERED that the appeal by the defendant fifth-party plaintiff from so much of the order as granted that branch of the motion of the fourth-party defendant/fifth-party defendant which was for summary judgment dismissing the fifth-party complaint insofar as asserted against it is dismissed; and it is further,
ORDERED that the appeal by the defendant fifth-party plaintiff from so much of the order as granted those branches of the motion of defendants third-party plaintiffs, and the separate motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed; and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on their cross claim for contractual indemnification with respect to attorneys' fees and costs incurred in the defense of this action, asserted against the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., and substituting therefor a provision granting that branch of the defendants third-party plaintiffs' motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., which was for summary judgment dismissing that cross claim and substituting therefor a provision denying that branch of the motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc.; as so modified, the order is affirmed insofar as cross-appealed from by the defendants third-party plaintiffs and insofar as reviewed on the appeal by the defendant fifth-party plaintiff; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, the defendants Medjugorje Realty, LLC, MGA Realty, LLC, J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc., the defendants third-party plaintiffs, the third-party defendant/fourth party plaintiff/fifth-party defendant, and the fourth-party defendant/fifth-party defendant, appearing separately and filing separate briefs, payable by the defendant fifth-party plaintiff, one bill of costs is awarded to the third-party defendant/fourth party plaintiff/fifth-party defendant, payable by the defendants third-party plaintiffs, and one bill of costs is awarded to the defendants third-party plaintiffs, payable by the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc.
The appeal by the defendant fifth-party plaintiff, Imperial Elevator Corporation (hereinafter Imperial), from so much of the order as granted that branch of the motion of the fourth-party defendant/fifth-party defendant, Preferred Builders, Inc. (hereinafter Preferred), which was for summary judgment dismissing the fifth-party complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action in favor of Preferred (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Further, Imperial's appeal from so much of the order as granted those branches of the motion of the defendants third-party plaintiffs, New Cingular Wireless PCS, LLC, Bechtel Corporation, and Bechtel Construction Operations Incorporated (hereinafter collectively the Bechtel defendants), and the separate motion of the defendants J.A. Lee Electric, Inc., and J.A. Lee Construction, Inc. (hereinafter together the J.A. Lee defendants), which were for summary judgment dismissing the complaint insofar as asserted against each of them must be dismissed on the ground that Imperial is not aggrieved by those portions of the order (see id. § 5511; Mixon v TBV, Inc., 76 AD3d 144).
On June 1, 2007, the plaintiffs Marco Antonio Alicea and Jeffrey Drummond allegedly were injured in an elevator accident on premises owned by the defendants Medjugorje Realty, LLC, and MGA Realty, LLC (hereinafter together the Medjugorje defendants). Prior to the accident, the Medjugorje defendants entered into a contract with Imperial in which Imperial agreed to maintain, inspect, and service the subject elevator, including the motor room on the roof of the building. The Bechtel defendants owned and managed telecommunications equipment installed on the roof of the subject building. In 2003, the Bechtel defendants contracted with Odyssia Global Communications (hereinafter Odyssia) to perform project management services in connection with the installation of communications equipment at the premises. Odyssia in turn contracted with Preferred to perform the installation work. In 2005, the Bechtel defendants contracted with the J.A. Lee defendants for the installation of certain upgraded equipment at the premises.
In 2009, Marco Antonio Alicea, and his wife suing derivatively, commenced an action, and Drummond commenced a separate action, inter alia, to recover damages for personal injuries against the Medjugorje defendants, Imperial, the Bechtel defendants, and the J.A. Lee defendants. The actions were consolidated by order dated June 2, 2010. Marco Antonio Alicea, his [*3]wife, and Drummond (hereinafter collectively the plaintiffs) alleged that the Bechtel defendants and the J.A. Lee defendants were negligent in the installation of the telecommunications equipment in that they created an abundance of brick dust in the motor room which contaminated the operating mechanism for the subject elevator. The plaintiffs further alleged that the Medjugorje defendants and Imperial were negligent in failing to remove, clean, or otherwise remedy the condition, and in failing to maintain the elevator in a reasonably safe working condition. The Medjugorje defendants, Imperial, the Bechtel defendants, and the J.A. Lee defendants asserted cross claims against each other, inter alia, for contribution and indemnification. The Bechtel defendants then commenced a third-party action against Odyssia, Odyssia commenced a fourth-party action against Preferred, and Imperial commenced a fifth-party action against Odyssia and Preferred, all seeking contribution and indemnification.
After the completion of discovery, Imperial, the Bechtel defendants, and the J.A. Lee defendants separately moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Odyssia separately moved, among other things, for summary judgment dismissing the third-party complaint, and the fifth-party complaint insofar as asserted against it, and Preferred separately moved, inter alia, for summary judgment dismissing the fourth-party complaint, and the fifth-party complaint insofar as asserted against it. By order dated September 11, 2018, the Supreme Court, among other things, denied Imperial's motion, granted those branches of the motions of Odyssia and Preferred which were for summary judgment dismissing the fifth-party complaint insofar as asserted against each of them, granted those branches of the motions of the Bechtel defendants and the J.A. Lee defendants which were for summary judgment dismissing Imperial's cross claims against each of them, denied those branches of the Bechtel defendants' motion which were for summary judgment on their cross claims against the J.A. Lee defendants, and their third-party claims against Odyssia, for contractual indemnification with respect to attorneys' fees and costs incurred in defending this action, granted that branch of the motion of the J.A. Lee defendants which was for summary judgment dismissing the Bechtel defendants' cross claims for such indemnification, and granted that branch of Odyssia's motion which was for summary judgment dismissing the Bechtel defendants' third-party claims for such indemnification. Thereafter, a judgment was entered upon the order, in effect, dismissing the fifth-party complaint insofar as asserted against Preferred. Imperial appeals from the order and the judgment and the Bechtel defendants cross-appeal from the order.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 762 [internal quotation marks omitted]; see Rogers v Dorchester Assoc., 32 NY2d 553, 559; Carter v Nouveau Indus., Inc., 187 AD3d 702, 703). "Further, a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons . . . where the contracting party has entirely displaced the other party's duty of safe maintenance" (Carter v Nouveau Indus., Inc., 187 AD3d at 703 [internal quotation marks omitted]).
Imperial's elevator inspection and maintenance contract required it to "maintain, inspect and service" the subject elevator, to use "reasonable care to maintain the elevator in proper and safe operating condition," and to keep the subject elevator in reasonable working order. Furthermore, the maintenance contract required Imperial to "regularly and systematically examine, clean, lubricate and furnish lubricants for the machine, motor and controller parts," and to "adjust equipment for proper operation." Imperial failed to demonstrate, prima facie, that it did not owe a duty to the plaintiff in light of the terms of its elevator inspection and maintenance contract (see Fajardo v Mainco El. & Elec. Corp., 143 AD3d at 762).
Imperial also failed to demonstrate, prima facie, either that there was no defect in the elevator that it "ought to have found" or that it "use[d] reasonable care to discover and correct" such a defect (id. [internal quotation marks omitted]). Specifically, Imperial failed to eliminate triable issues of fact as to whether it failed to use reasonable care to discover and correct a dust condition that it ought to have found during its monthly cleaning and servicing of the elevator, motor room, [*4]and operating mechanisms.
Accordingly, the Supreme Court properly denied that branch of Imperial's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted those branches of the motions of Odyssia and Preferred which were for summary judgment dismissing the fifth-party complaint insofar as asserted against each of them. Contrary to Imperial's contention, Odyssia and Preferred demonstrated, prima facie, that Preferred's work at the subject premises, supervised by Odyssia, did not create any dust condition in the elevator motor room that contributed to the happening of the accident. Deposition testimony of witnesses from Preferred, Odyssia, and the Bechtel defendants established that there was no debris or brick dust left in the motor room after Preferred completed its installation of the telecommunications equipment.
In opposition, Imperial failed to raise a triable issue of fact, including as to its speculative assertion, unsupported by any evidence, that a dust condition affecting the elevator components four years after completion of Preferred's work could have been caused by Preferred's alleged failure to seal holes it cut into the wall of the elevator's motor room.
"A contract that provides for indemnification will be enforced as long as the intent to assume such a role is sufficiently clear and unambiguous" (Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 274 [internal quotation marks omitted]). "A court must also be careful not to interpret a contracted indemnification provision in a manner that would render it meaningless" (id. at 274). "When the intent is clear, an indemnification agreement will be enforced even if it provides indemnity for one's own or a third party's negligence" (id. at 275).
Here, in the contract between the J.A. Lee defendants and the Bechtel defendants, the J.A. Lee defendants agreed to defend and indemnify the Bechtel defendants against any and all "suits" or "claims . . . of whatsoever kind or nature in connection with or incidental to the performance of this subcontract, . . . in any manner directly or indirectly caused, occasioned or contributed to in whole or in part or claimed to be caused, occasioned or contributed to in whole or in part, by reason of any act, omission, fault, or negligence whether active and passive of [the J.A. Lee defendants]." Under the terms of the contract, the right to a defense and indemnification was triggered by mere claims of negligence against the J.A. Lee defendants. The Bechtel defendants established, prima facie, that claims were made that the J.A. Lee defendants' work caused the plaintiffs' injuries, thereby triggering the defense and indemnification provision of the contract. While the J.A. Lee defendants' duty to defend and indemnify ended upon the granting of that branch of the Bechtel defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the J.A. Lee defendants are still responsible for the costs incurred by the Bechtel defendants in defending this action to that point (see id.).
In opposition, the J.A. Lee defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325). Thus, the Supreme Court should have granted that branch of the Bechtel defendants' motion which was for summary judgment on their cross claim for contractual indemnification to the extent they sought attorneys' fees and defense costs incurred in this action, and should have denied that branch of the J.A. Lee defendants' motion which was for summary judgment dismissing the Bechtel defendants' cross claim for contractual indemnification to that extent.
The Supreme Court properly denied that branch of the Bechtel defendants' motion which was for summary judgment on their third-party claim against Odyssia for contractual indemnification, and properly granted that branch of Odyssia's motion which was for summary judgment dismissing the Bechtel defendants' third-party claim for contractual indemnification asserted against it. The terms of the indemnification provision in the contract between the Bechtel defendants and Odyssia are identical to the terms contained in the indemnification provision in the [*5]contract between the Bechtel defendants and the J.A. Lee defendants. However, unlike with the J.A. Lee defendants, the plaintiffs did not assert any claim that their injuries were caused by Odyssia's work. Thus, the Bechtel defendants failed to establish, prima facie, that the indemnification provision in their contract with Odyssia was triggered.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court