Barnes v Astoria Fed. Sav. & Loan Assn. (2023 NY Slip Op 05113)

Barnes v Astoria Fed. Sav. & Loan Assn.

2023 NY Slip Op 05113

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08860
 (Index No. 702781/17)

[*1]James Barnes, plaintiff-respondent, 
v
Astoria Federal Savings and Loan Association, defendant third-party plaintiff-respondent, Otis Elevator Company, defendant third-party defendant-appellant.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Jacob C. Cohn and Jacqulyn N. Simmons of counsel), for defendant third-party defendant-appellant.
The Barnes Firm, P.C., Buffalo, NY (Martha M. Pigott of counsel), for plaintiff-respondent.
Victoria A. Turchetti, New York, NY (Anoushka S. Bayley of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered October 20, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendant third-party defendant which were for summary judgment dismissing the amended complaint insofar as asserted against it, all cross-claims, and the third-party complaint, and on its cross-claim for contractual indemnification against the defendant third-party plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On October 6, 2016, the plaintiff, while a passenger inside an elevator located in a building owned by Astoria Federal Savings and Loan Association (hereinafter Astoria Federal), allegedly was injured when an escape hatch panel fell from the ceiling of the elevator. The plaintiff commenced this action to recover damages for personal injuries against Astoria Federal. Astoria Federal commenced a third-party action against Otis Elevator Company (hereinafter Otis Elevator), the company retained by Astoria Federal to maintain and service the elevator under a written contract, seeking, inter alia, indemnification and contribution. The plaintiff subsequently amended the complaint to add Otis Elevator as a defendant. Thereafter, Astoria Federal asserted, among other things, cross-claims for indemnification and contribution. Otis Elevator asserted a cross-claim for contractual indemnification.
Otis Elevator moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, all cross-claims, and the third-party complaint, and on its cross-claim for contractual indemnification against Astoria Federal, contending that it did not owe or breach a duty of care to the plaintiff. In an order entered October 20, 2020, the Supreme Court, inter alia, denied those branches of Otis Elevator's motion. Otis Elevator appeals. We affirm.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1282 [internal quotation marks omitted]; see Dautaj v Alliance El. Co., 110 AD3d 839, 840). "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found. Further, a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons . . . where the contracting party has entirely displaced the other party's duty of safe maintenance" concerning, for instance, a passenger elevator (Carter v Nouveau Indus., Inc., 187 AD3d 702, 703 [citation and internal quotation marks omitted]; see Rogers v Dorchester Assoc., 32 NY2d 553, 559; Fajardo v Mainco El. & Elec. Corp., 143 AD3d 759, 762; Kawka v 135-55 35th Realty, LLC, 139 AD3d 677).
Otis Elevator contends that it was entitled to summary judgment dismissing the amended complaint insofar as asserted against it, all cross-claims, and the third-party complaint because it did not owe or breach any duty with respect to the escape hatch panel. However, Otis Elevator failed to demonstrate, prima facie, that it did not owe a duty to the plaintiff. While the terms of its elevator inspection and maintenance contract with Astoria Federal appear to exclude therefrom the elevator escape hatch ceiling panel, a transcript of the deposition testimony of a mechanic employed by Otis Elevator, which was submitted in support of the motion, demonstrated that the exclusion provision was disregarded, and that the escape hatch ceiling panel had been the subject of prior service calls. Nor did Otis Elevator demonstrate, prima facie, either that there was no defect in the subject escape hatch ceiling panel that it "ought to have found" or that it "use[d] reasonable care to discover" such defect (Carter v Nouveau Indus., Inc., 187 AD3d at 703 [internal quotation marks omitted]; see Alicea v Medjugorje Realty, LLC, 210 AD3d 835, 840-841).
Additionally, Otis Elevator failed to demonstrate its prima facie entitlement to judgment as a matter of law on its cross-claim against Astoria Federal for contractual indemnification. The maintenance agreement between Otis Elevator and Astoria Federal provided that Astoria Federal would indemnify Otis Elevator against any claim or suit for personal injury or property damage arising out of the agreement "unless such damage or injury arises from [Otis Elevator's] sole negligence." Otis Elevator failed to eliminate all triable issues of fact as to whether the plaintiff's injuries arose from Otis Elevator's sole negligence (cf. Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court