Havison v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 00457)

Havison v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 00457

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 158983/15 Appeal No. 1357 Case No. 2023-01291 

[*1]Christopher Havison et al., Plaintiffs-Appellants,
v
Port Authority of New York & New Jersey, et al., Defendants-Appellants, CH2M Hill New York, Inc., Defendant-Respondent, TUV Rheinland Mobility, Inc., Defendant.

Hofmann & Schweitzer, New York (Paul T. Hofmann of counsel), for Christopher Havison and Michelle Havison, appellants.
Manning Gross & Massenburg LLP, New York (Christian H. Gannon of counsel), for Port Authority of New York & New Jersey, Port Authority Trans Hudson Corporation, Siemens Industry, Inc., Aldridge Electric, Inc., and D/A Builders, LLC, appellants.
Donovan Hatem LLP, New York (Stephen F. Willig of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered January 12, 2023, which to the extent appealed from as limited by the briefs, granted the motion of defendant CH2M Hill New York, Inc. (CH2M) for summary judgment dismissing plaintiff's negligence claim against CH2M and the cross-claims asserted by defendants Port Authority of New York & New Jersey (Port Authority), Port Authority Trans Hudson Corporation (PATH), Siemens Industry, Inc., Aldridge Electric, Inc., and D/A Builders, LLC (together, the Port Authority defendants) for contribution and indemnification against CH2M, unanimously affirmed, without costs.
On September 23, 2014, at approximately 2:30 a.m., plaintiff Christopher Harvison, an electrician employed by Daidone Electric, Inc., was performing work at the Journal Square PATH station in New Jersey. He was injured while loading cables onto an aerial "Genie" man lift when the cables slipped off the lift basket and struck him. The motion court properly noted that, under New Jersey law, OSHA violations may provide indicia of negligence in certain cases (Kane v Hartz Mountain Indus., Inc., 278 NJ Super 129, 144, 650 A2d 808,815 [1994], affd 143 NJ 141, 669 A2d 816 [1996]). However, in this case, there was no evidence either that CH2M was plaintiff's employer for the purposes of the OSHA regulations, or that it was within CH2M's duties to control the means and method of plaintiff's work so as to support a claim for common-law negligence against CH2M (see e.g. Coyne v 101 Hudson St. Urban Renewal Assoc., 256 AD2d 48, 49 [1st Dept 1998], lv denied 93 NY2d 810 [1999]).
Plaintiffs urge that the extent to which CH2M had a duty to ensure the safety of the site and manner of the work was a question of fact under Alloway v Bradlees, Inc. (157 NJ 221, 723 A2d 960 [1999]). In Alloway, the New Jersey Supreme Court found questions of fact precluded summary judgment dismissing a negligence claim against a general contractor where the contractor had unsuccessfully attempted to repair the mechanism that caused the plaintiff's injury and knew it was still defective before the plaintiff was injured (id. 157 NJ at 239, 723 A2d at 969). Here, however, because CH2M was neither plaintiff's employer nor was it responsible for directing the work, and the record lacks evidence that CH2M was present when plaintiff's injury occurred, the motion court properly concluded that CH2M's duties were too attenuated from the injury to impose liability where the dangerous condition arose from the negligent method of performing the work (see e.g. Tarabokia v Structure Tone, 429 NJ Super 103, 118-119, 57 A3d 25, 35 [2012]).
Regarding the Port Authority and PATH's cross-claim for contractual indemnification, we agree with the motion court that the dismissal of the common-law negligence claim against CH2M also barred the cross-claim for contractual indemnification. The indemnification provision in CH2M's contract with the Port Authority is triggered by claims [*2]"to the extent arising from the negligent or willful intentional acts or omissions of the [CH2M or its subcontractors] in the performance of services." The Port Authority and PATH maintain that under the Second Department's decision in Alicea v Medjugorje Realty, LLC (210 AD3d 835 [2d Dept 2022]), the motion court should not have dismissed their cross-claim for contractual indemnification. We reject that argument since, in our view, Alicea supports the outcome here. In Alicea, the Second Department determined that the allegations in the complaint triggered the indemnification provision as against certain defendants on the one hand, but the same provision was not triggered against another defendant, Odyssia, because "the plaintiffs did not assert any claim that their injuries were caused by Odyssia's work" (id. at 843).
Here, plaintiff's claims against the Port Authority and PATH are not alleged to have arisen from the "negligent . . . acts or omissions" of CH2M but rather to the extent of each defendant's respective duty to exercise reasonable care in supervising the work. Therefore, those claims do not arise out of CH2M's conduct so as to trigger the contractual indemnification provision (id.). As for the balance of the Port Authority defendants' cross-claims, because the negligence-based claims failed for the reasons discussed above, the motion court properly determined that their cross-claims for common-law indemnification and contribution also failed (Quiroz v New York Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024