Polisoto v St. Gregory the Great R.C. Church
2026 NY Slip Op 04106
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

JEFFREY L. POLISOTO AND TRACY E. POLISOTO, PLAINTIFFS-APPELLANTS,
v
ST. GREGORY THE GREAT ROMAN CATHOLIC CHURCH, KALEIDA HEALTH, AND GROUNDHOG LANDSCAPING AND LAWNCARE, INC., DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
477 CA 25-00387
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

ANDREWS, BERNSTEIN & MARANTO, PLLC, BUFFALO (THOMAS P. KOTRYS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ST. GREGORY THE GREAT ROMAN CATHOLIC CHURCH AND KALEIDA HEALTH.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (THOMAS A. DIGATI OF COUNSEL), FOR DEFENDANT-RESPONDENT GROUNDHOG LANDSCAPING AND

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 5, 2025. The order, insofar as appealed from, granted that part of the motion of defendant Groundhog Landscaping and Lawncare, Inc., for summary judgment dismissing the amended complaint against it and denied the cross-motion of plaintiffs insofar as it sought to disqualify counsel for defendants St. Gregory the Great Roman Catholic Church and Kaleida Health.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendant Groundhog Landscaping and Lawncare, Inc., for summary judgment dismissing the amended complaint against it and reinstating the amended complaint against it, and as modified the order is affirmed without costs.
Memorandum: Jeffrey L. Polisoto (plaintiff) allegedly slipped and fell on ice on premises owned by defendant St. Gregory the Great Roman Catholic Church (St. Gregory) and leased to defendant Kaleida Health (Kaleida). Kaleida had entered into an agreement with defendant Groundhog Landscaping and Lawncare, Inc. (Groundhog Landscaping) concerning maintenance of Kaleida-owned entities as well as the parking lot at issue on this appeal. After the accident, plaintiffs commenced this action to recover damages for injuries sustained by plaintiff. Groundhog Landscaping moved for, inter alia, summary judgment dismissing the amended complaint against it and any cross-claims against it. Plaintiffs cross-moved for, inter alia, an order disqualifying an attorney and law firm from representing both Kaleida and St. Gregory because of an alleged "concurrent conflict of interest" pursuant to rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200). Supreme Court, inter alia, granted that part of Groundhog Landscaping's motion seeking summary judgment dismissing the amended complaint against it and denied plaintiffs' cross-motion insofar as it sought disqualification. Plaintiffs appeal.
As relevant here, St. Gregory and Kaleida had entered into a five-year lease—which was in effect at the time of the incident—whereby St. Gregory provided 325 parking spots in its parking lot for use by the nearby hospital owned by Kaleida in exchange for Kaleida "[p]rovid[ing], at its sole cost . . . , snow plowing services for all the parking areas of [the premises]." As noted above, Kaleida and Groundhog Landscaping had an agreement that [*2]covered the parking lot at issue.
It is well established that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). Here, inasmuch as plaintiffs' amended complaint and bill of particulars did not allege facts establishing the applicability of one of the three exceptions set forth in Espinal (98 NY2d at 140), Groundhog Landscaping met its initial burden on the motion by establishing that plaintiff was not a party to the agreement between it and Kaleida and therefore Groundhog Landscaping did not owe a duty of care to plaintiff (see Kuznik-DeFranco v Cushman & Wakefield, Inc., 195 AD3d 1406, 1407-1408 [4th Dept 2021]). The burden thus shifted to plaintiffs to raise a triable issue of fact as to the applicability of any of the three exceptions (see Crockett v Home Depot U.S.A., Inc., 237 AD3d 1604, 1606 [4th Dept 2025]; Brathwaite v New York City Hous. Auth., 92 AD3d 821, 824 [2d Dept 2012], lv denied 19 NY3d 804 [2012]; see also Kuznik-DeFranco, 195 AD3d at 1408).
We conclude that, viewing the evidence in the light most favorable to plaintiffs, the nonmoving parties, a question of fact exists whether the agreement between Groundhog Landscaping and Kaleida completely displaced Kaleida's and St. Gregory's obligation to maintain the parking lot with respect to salting in winter (cf. Espinal, 98 NY2d at 141; see generally Barnes v Astoria Fed. Sav. & Loan Assn., 220 AD3d 725, 726-727 [2d Dept 2023]). Although the terms of the agreement did not require Groundhog Landscaping to salt the parking lot, the owner and president of Groundhog Landscaping testified that the "services" included both plowing and salting of the parking lot. The record also reveals that Groundhog Landscaping salted the lot on the day of plaintiff's alleged fall. We conclude that the court erred in granting that part of Groundhog Landscaping's motion seeking summary judgment dismissing the amended complaint against it, and thus we modify the order by denying that part of Groundhog Landscaping's motion and reinstating the amended complaint against it.
With respect to the cross-motion, we conclude that plaintiffs lacked standing to move to disqualify counsel for Kaleida and St. Gregory because they did not establish "the existence of a current or prior attorney-client relationship between [them] and opposing counsel" (McGuire v McGuire Group, Inc., 237 AD3d 1535, 1537 [4th Dept 2025]). Therefore, the court did not err in denying plaintiffs' request for disqualification.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court