OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to plaintiff against defendant Berridge, by denying defendant Berridge’s motion for summary judgment and, as so modified, affirmed, with costs to the remaining defendants against plaintiff.
The record reflects a triable issue of fact concerning whether defendant Berridge actually installed a lead shield as ordered by the New York State Department of Health. The affidavit of defendant Berridge’s expert physicist was properly considered on the issue of the amount of radiation emitted into plaintiff’s decedent’s office. In light of plaintiff’s medical expert’s affidavit stating that, to a reasonable degree of medical certainty, plaintiff’s decedent’s disease was caused by the radiation that seeped through defendant Berridge’s office, however, the Appellate Division should not have granted defendant Berridge’s motion for summary judgment (see, People v Kenney, 30 NY2d 154, 157; Matter of Riehl v Town of Amherst, 308 NY 212, 216).
Summary judgment was properly granted to the remaining defendants, because, on this record, they owed no duty of care to plaintiff or her decedent. The remaining defendants set forth facts showing that they were under neither a statutory nor a contractual obligation to maintain the premises leased to Berridge. Contrary to plaintiff’s contention, Public Health Law § 3500 imposes a duty of care on operators of X-ray equipment and licensed practitioners, not on landlords. Moreover, retention by these defendants, of the right to reenter did not impose an obligation on them to maintain the premises (see, People v Scott, 26 NY2d 286, 290-291; Dick v Sunbright Steam Laundry Corp., 307 NY 422, 424; cf., Bittrolff v Ho’s Dev. Corp., 77 NY2d 896). Given that defendants were under no statutory or contractual obligation to protect plaintiff’s decedent from the risk of X-ray radiation and plaintiff failed to raise a triable issue of fact concerning defendants’ actual knowledge of hazard from X-ray exposure to persons in adjoining offices, defendants were under no duty to plaintiff or her decedent.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., *902 and Bellacosa concur in memorandum; Chief Judge Wachtler taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, etc.