■ PAULINE LANDAU et al., Appellants-Respondents, v BEACH HAVEN SHOPPING CENTER, L. L. C., Respondent, MILANEL LAUNDRY CORP. et al., Respondents-Appellants, et al., Defendant. [715 NYS2d 334] —In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Dowd, J.) dated July 26, 1999, as granted that branch of the motion of the defendant Beach Haven Shopping Center, L. L. C., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Millennial Laundry Corp. cross-appeals from the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the plaintiffs.

An out-of-possession owner who has relinquished control over the premises will not be held liable for subsequent injuries resulting from dangerous conditions on the premises (see, June v Zikakis Chevrolet, 199 AD2d 907; Morris v Freudenheim, 273 AD2d 885). " 'An exception to this rule exists, however, "where the lessor rents premises for a public use when he knows, or should have known, that they are in a dangerous condition" at the time of the lease' " (June v Zikakis Chevrolet, supra, at 908).

The Supreme Court properly granted the motion of the defendant owner Beach Haven Shopping Center, L. L. C., for summary judgment dismissing the complaint insofar as asserted against it since it neither knew nor should have known of the alleged dangerous condition at the time the lease was entered into.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.