Fuzaylova v 63-28 99th St. Farm Ltd. (2018 NY Slip Op 03506)





Fuzaylova v 63-28 99th St. Farm Ltd.


2018 NY Slip Op 03506


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11836
 (Index No. 25993/11)

[*1]Dora Fuzaylova, appellant, 
v
63-28 99th St. Farm Ltd., et al., defendants, Dasshan S. Bagga, respondent (and a third-party action).


Serhiy Hoshovsky, New York, NY, for appellant.
Malapero & Prisco, LLP, New York, NY (Odessa Kennedy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 21, 2015, as granted that branch of the motion of the defendant Dasshan S. Bagga which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell at the entrance of a grocery store operated by the defendant 63-28 99th St. Farm Ltd., located on premises owned by the defendant Dasshan S. Bagga. Bagga moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was an out-of-possession landlord with no duty to maintain the premises. The Supreme Court granted that branch of Bagga's motion, and the plaintiff appeals.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Casson v McConnell, 148 AD3d 863, 864, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Here, where the complaint sounds in common-law negligence and the plaintiff does not allege the violation of a statute, Bagga demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by establishing that he was an out-of-possession landlord who was not bound by contract or course of conduct to maintain the premises (see Santos v 786 Flatbush Food Corp., 89 AD3d 828, 829). The mere reservation of a right to reenter the premises to make repairs does not impose an obligation on the landlord to maintain the premises (see Star v Berridge, 77 NY2d 899, 901). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's granting of that branch of Bagga's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court