Gallina v 7901-11 13th Ave. Realty Corp. (2020 NY Slip Op 05187)





Gallina v 7901-11 13th Ave. Realty Corp.


2020 NY Slip Op 05187


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2019-11736
 (Index No. 518212/17)

[*1]Salvatore Gallina, respondent, 
v
7901-11 13th Avenue Realty Corp., appellant.


Litchfield Cavo LLP, New York, NY (Sean H. Chung and Patrick Steinbauer of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Christopher J. Soverow], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 25, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured after falling through an opening in the floor of a supermarket in Brooklyn where he was employed as a baker. The opening led to the basement of the premises and was used as a shaft for a lift that had been installed on the premises and was used to transport racks of baked goods between the basement and ground floor. The plaintiff commenced this personal injury action against the defendant, the owner of the premises, alleging common-law negligence. The defendant moved for summary judgment dismissing the complaint on the ground, among others, that it was an out-of-possession landlord with no duty to maintain the lift. In an order dated September 25, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [internal quotation marks omitted]; see Basso v Miller, 40 NY2d 233). However, "'[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820, 820, quoting Fox v Patriot Saloon, 166 AD3d 950, 951 [internal quotation marks omitted]).
Here, where the complaint sounds in common-law negligence and the pleadings do not allege a violation of a statute, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that did not assume a duty [*2]to maintain the premises by contract or by a course of conduct (see Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820; Fox v Patriot Saloon, 166 AD3d 950; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The mere reservation of a right to reenter the premises to make repairs does not impose an obligation on the landlord to maintain the premises (see Star v Berridge, 77 NY2d 899, 901; Richer v JQ II Assoc., LLC., 166 AD3d 692, 693; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946).
In light of our determination, we need not address the parties' remaining contentions regarding, inter alia, whether the defendant had constructive notice of the condition.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court