Washington v Jay St. Dev. Corp. (2023 NY Slip Op 01818)

Washington v Jay St. Dev. Corp.

2023 NY Slip Op 01818

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-01392
 (Index No. 17905/09)

[*1]Quanette Washington, appellant, 
v
Jay Street Development Corp., respondent.

Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Gregory Freedman], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Elina Druker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered January 16, 2019. The judgment, upon an order of the same court dated October 26, 2017, granting the defendant's application, in effect, for summary judgment dismissing the amended complaint, is in favor of the defendant and against the plaintiff, dismissing the amended complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she tripped over the curled-up edge of a runner mat in the lobby of a building located at 330 Jay Street in Brooklyn, causing her to slip and fall on the wet marble floor. At the time of the plaintiff's accident, the lower 25 floors of the building (hereinafter the premises) were owned by the defendant, and were leased to the City of New York. The upper 5 floors of the building housed commercial tenants. The premises, including the lobby, was maintained on behalf of the City by the Department of Citywide Administrative Services, employees of which placed and maintained the runner mats on the lobby floor.
The plaintiff commenced this action against the defendant, and others, to recover damages for her injuries. The other defendants were subsequently discontinued from the action. In October 2017, the case was transferred to the Trial Part for trial. At a court conference, the parties raised the issue of whether the defendant was the proper party to be sued. The plaintiff thereafter submitted a trial memorandum on the issue, the defendant submitted a memorandum in response, with exhibits, and the plaintiff submitted a memorandum in reply. The Supreme Court held oral argument on the parties' submissions, during which the defendant requested, in effect, that it be granted summary judgment dismissing the amended complaint on the ground that it was an out-of-possession landlord with no duty to maintain the lobby. The plaintiff also requested that the court determine this legal issue prior to the parties proceeding to trial. The court deemed the parties' submissions to be a motion in limine by the defendant, and thereafter granted the defendant's application. Judgment was entered in favor of the defendant and against the plaintiff, dismissing the amended complaint. The plaintiff appeals.
"[U]nless public policy is violated, parties to a litigation are free to chart their own procedural course" (Kass v Kass, 91 NY2d 554, 568 n 5; see Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 877, 878). "They may fashion the basis upon which a particular controversy will be resolved and in doing so [they] may stipulate away statutory, and even constitutional rights" (Mitchell v New York Hosp., 61 NY2d 208, 214 [internal quotation marks and citations omitted]; see Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469). Here, the plaintiff waived any objection to the procedure utilized by the Supreme Court, or to the timing of the defendant's application, by expressly requesting that the court determine the legal issue on the parties' submissions prior to trial (see Bennett v St. John's Home, 128 AD3d 1428, 1428-1429; Stephen v Brooklyn Pub. Lib., 120 AD3d 1221, 1221).
An out-of-possession landlord is not liable for injuries that occur on leased premises "unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" to perform the relevant maintenance and repairs (Grant v 132 W. 125 Co., LLC, 180 AD3d 1005, 1007; see Cali Dev. Corp. v Church Side Realty, LLC, 208 AD3d 451, 452; Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351). Here, where the amended complaint sounds in common-law negligence and the pleadings do not allege a violation of a statute, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord that did not assume a duty to maintain the premises by contract or by a course of conduct (see Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d 1617, 1618; Ferraro v 270 Skip Lane, LLC, 177 AD3d 651, 652; Fox v Patriot Saloon, 166 AD3d 950, 951).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The mere reservation of a right to reenter the premises for the purpose of inspection does not impose an obligation on a landlord to maintain the premises (see Star v Berridge, 77 NY2d 899, 901; Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d at 1618; Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). Contrary to the plaintiff's contention, the defendant could properly transfer its duty to maintain the premises in a reasonably safe condition to the City pursuant to the lease, even though the lobby of the premises was in public use (see generally Peralta v Henriquez, 100 NY2d 139, 144; cf. Backiel v Citibank, 299 AD2d 504, 505; Landau v Beach Haven Shopping Ctr., 276 AD2d 752). There was no evidence that the defendant either knew or should have known of the alleged dangerous condition at the time the lease was entered into (see McComish v Luciano's Italian Rest., 56 AD3d 534, 535; Tarantelli v 7401 Willowbrook Rd. Assoc., LLC, 13 AD3d 1184, 1185; Landau v Beach Haven Shopping Ctr., 276 AD2d at 752).
Contrary to the plaintiff's further contention, the evidence was insufficient to raise a triable issue of fact as to whether the defendant was an alter ego of the City. To establish that two entities are alter egos of each other, one must demonstrate "that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 619; see Savino v 700 Victory Blvd., LLC, 206 AD3d 780, 781). Here, the defendant is a separate legal entity from the City, required by its operating agreement to be functionally separate from the offices of the City or any affiliated agency, with separate records, funds, accounts, and payroll, and making independent decisions (see generally Almonte v Western Beef, Inc., 21 AD3d 514, 515-516; cf. Thompson v Bernard G. Janowitz Constr. Corp., 301 AD2d 588 ). The fact that four of the five Directors of the defendant were affiliated with City agencies does not show that the defendant was controlled by the City (cf. Malik v Style Mgt. Co. Inc., 168 AD3d 536, 537). The defense and indemnification provisions of the lease, and the City's provision of a defense to the defendant through the Corporation Counsel, do not show that the entities operated as a single entity, and are fully consistent with the placement of responsibility for maintenance of the premises on the City in the lease (see e.g. Seifullah v City of New York, 161 AD3d 1206, 1207; cf. Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488, 489). Finally, the defendant's assertion of an affirmative defense of governmental immunity was not a formal or informal judicial admission that the defendant was an alter ego of the City (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 211). Affirmative defenses may be pleaded in the alternative (see CPLR 3014).
Accordingly, the Supreme Court properly granted the defendant's application, in effect, for summary judgment dismissing the amended complaint.
The plaintiff's remaining contentions regarding the defendant's alleged notice of the alleged dangerous condition are not properly before this Court, and, in any event, need not be addressed in light of the defendant's lack of duty to the plaintiff (see Ferraro v 270 Skip Lane, LLC, 177 AD3d at 653; Villarreal v CJAM Assoc., LLC, 125 AD3d 644, 645).
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court