Leone v R&J Realty Co., LLC
2026 NY Slip Op 03786
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Marielle Leone, et al., appellants,
v
R & J Realty Company, LLC, et al., defendants, Jeffrey Anschlowar, et al., respondents (and a third-party and a second third-party action). (Appeal No. 1)
Marielle Leone, et al., plaintiffs-appellants,
R & J Realty Company, LLC, et al., defendants third-party plaintiffs, et al., defendants second third-party defendants, et al., defendant, Jeffrey Anschlowar, defendant third-party plaintiff-appellant, Jeffrey Anschlowar, as executor of the estate of Robert Anschlowar, defendant second third-party plaintiff-appellant; JECG Corp., third-party defendant/second third-party defendant-respondent, Richard Gettinger, second third-party defendant-respondent. (Appeal No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-08591, 2023-08597, (Index No. 708523/17)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellants in Appeal No. 1 and plaintiffs-appellants in Appeal No. 2.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Michael T. Reagan of counsel), for respondent Jeffrey Anschlowar in Appeal No. 1 and defendant third-party plaintiff-appellant in Appeal No. 2.
Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York, NY (Jordan E. Stern and Walter E. Swearingen of counsel), for respondent Jeffrey Anschlowar, as executor of the estate of Robert Anschlowar in Appeal No. 1 and defendant second third-party plaintiff-appellant in Appeal No. 2.

[*1]
DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 1, 2023, and (2) the plaintiffs, the defendant third-party plaintiff Jeffrey Anschlowar, and the defendant second third-party plaintiff separately appeal from a judgment of the same court entered August 28, 2023. The judgment entered August 1, 2023, insofar as appealed from, upon an order of the same court entered June 27, 2023, inter alia, granting those branches of the separate motions [*2]of the defendant third-party plaintiff Jeffrey Anschlowar and the defendant second third-party plaintiff which were for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against each of them and denying the plaintiffs' cross-motion for leave to amend the bill of particulars, is in favor of the defendant third-party plaintiff Jeffrey Anschlowar and the defendant second third-party plaintiff and against the plaintiffs dismissing that cause of action insofar as asserted against each of them. The judgment entered August 28, 2023, insofar as appealed from by the plaintiffs, upon a second order of the same court entered June 27, 2023, among other things, in effect, granting that branch of the motion of the third-party defendant/second third-party defendant and the second third-party defendant Richard Gettinger which was for summary judgment dismissing the cause of action to recover damages for negligence, is in favor of the third-party defendant/second third-party defendant and the second third-party defendant Richard Gettinger dismissing the cause of action to recover damages for negligence. The judgment entered August 28, 2023, insofar as appealed from by the defendant third-party plaintiff Jeffrey Anschlowar, upon the second order entered June 27, 2023, inter alia, granting that branch of the motion of the third-party defendant/second third-party defendant and the second third-party defendant Richard Gettinger which was for summary judgment dismissing the third-party complaint insofar as asserted by the defendant third-party plaintiff Jeffrey Anschlowar, is in favor of the third-party defendant/second third-party defendant and against the defendant third-party plaintiff Jeffrey Anschlowar dismissing the third-party complaint insofar as asserted by the defendant third-party plaintiff Jeffrey Anschlowar. The judgment entered August 28, 2023, insofar as appealed from by the defendant second third-party plaintiff, upon the second order entered June 27, 2023, among other things, granting that branch of the motion of the third-party defendant/second third-party defendant and the second third-party defendant Richard Gettinger which was for summary judgment dismissing the second third-party complaint insofar as asserted against them, is in favor of third-party defendant/second third-party defendant and the second third-party defendant Richard Gettinger and against the defendant second third-party plaintiff dismissing the second third-party complaint insofar as asserted against them.
ORDERED that the appeals from the judgment entered August 28, 2023, are dismissed as abandoned; and it is further,
ORDERED that the judgment entered August 1, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff Jeffrey Anschlowar and the defendant second third-party plaintiff.
In October 2016, the plaintiff Marielle Leone (hereinafter the injured plaintiff) allegedly was injured when part of a garage rolling gate fell on her. At the time of the accident, the building was owned by the defendant third-party plaintiff Jeffrey Anschlowar and Robert Anschlowar. The premises were leased to the injured plaintiff's employer, the third-party defendant/second third-party defendant, JECG Corp. The injured plaintiff, and her husband suing derivatively, commenced three separate actions against, among others, Jeffrey Anschlowar, Robert Anschlowar, and the manufacturers/distributors of the garage rolling gate. Thereafter, a third-party action was commenced against JECG Corp., and a second third-party action was commenced against, among others, JECG Corp. and its owner Richard Gettinger (hereinafter together the JECG Corp. defendants). In October 2019, Robert Anschlowar died and Jeffrey Anschlowar, as the executor of Robert Anschlowar's estate (hereinafter the executor), was substituted for Robert Anschlowar in the actions. In 2021, the three actions were consolidated.
In 2022, the JECG Corp. defendants moved, inter alia, for summary judgment dismissing the cause of action to recover damages for negligence, the third-party complaint insofar as asserted by Jeffrey Anschlowar, and the second third-party complaint insofar as asserted against them. Jeffrey Anschlowar and the executor (hereinafter together the landlords) separately moved, among other things, for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against each of them. The plaintiffs opposed and cross-moved for leave to amend their bill of particulars to assert violations of Administrative Code of the City of New [*3]York § 28-301.1. In an order entered June 27, 2023, the Supreme Court, inter alia, granted those branches of the landlords' separate motions and denied the plaintiffs' cross-motion. On August 1, 2023, a judgment was entered, among other things, in favor of the landlords and against the plaintiffs dismissing the cause of action to recover damages for negligence insofar as asserted against each of the landlords.
In a separate order entered June 27, 2023, the Supreme Court, inter alia, in effect, granted that branch of the JECG Corp. defendants' motion which was for summary judgment dismissing the cause of action to recover damages for negligence and granted those branches of that motion which were for summary judgment dismissing the third-party complaint insofar as asserted by Jeffrey Anschlowar and the second third-party complaint insofar as asserted against them. On August 28, 2023, a judgment was entered upon that order. The plaintiffs appeal from both judgments. The landlords separately appeal from the judgment entered August 28, 2023.
The appeals from the judgment entered August 28, 2023, must be dismissed as abandoned, as the briefs filed by the plaintiffs and the landlords do not seek reversal or modification of any portion of that judgment (see Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1000; D.S. v Poliseno, 189 AD3d 1102, 1104).
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Mallet v City of New York, 184 AD3d 633, 633 [internal quotation marks omitted]; see Alexandre v Shih T. Wang, 241 AD3d 1223, 1224). Here, where the amended complaint sounds in common-law negligence and the plaintiffs do not allege the violation of a statute, the landlords demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for negligence by establishing that they were out-of-possession landlords and were not bound by contract or a course of conduct to maintain the premises (see Sandoval v GWKMAR Assoc., LLC, 227 AD3d 923, 924; Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d 1617, 1618). Although the lease provided that the landlords were responsible for the structural maintenance of the premises, the term "structural" was defined as "roof, load bearing walls and concrete slab," and did not include the garage rolling gate at issue (see Greco v St. Bridget's Church at Westbury, Queens Co., 231 AD3d 1019, 1020; Michaele v Steph-Leigh Assoc., LLC, 178 AD3d 820, 821). In addition, the landlords' conduct did not indicate that they had assumed a duty (see Alexandre v Shih T. Wang, 241 AD3d at 1224). In opposition, the plaintiffs failed to raise a triable issue of fact (see Gallina v 7901-11 13th Ave. Realty Corp., 186 AD3d at 1618). Accordingly, the Supreme Court properly granted those branches of the landlords' separate motions which were for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against each of them.
Further, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross-motion for leave to amend their bill of particulars to assert violations of Administrative Code § 28-301.1, as the proposed amendment was palpably insufficient and patently devoid of merit (see Mejia v 2959 Fulton St. Realty, Inc., 240 AD3d 881, 884; Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see generally Anderson v ML Real Estate Holdings, LLC, 242 AD3d 1160).
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court